WUESTHOFF, Administrator, Respondent, vs. DEPARTMENT OF TAXATION, Appellant.

*February 4—March 4, 1952.*

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons, Mr. Conway,* and *Mr. Wood.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Louis Quarles, Maxwell H. Herriott,* and *Richard R. Teschner* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott* and *Mr. Teschner.*

MARTIN, J.  Sec. 72.75 (2) (g), Stats. 1945, provides:

"A gift shall be complete for tax purposes when the donor has divested himself of all beneficial interest in the property transferred and has no power to revest any such interest in himself or his estate."

Eugenie Wuesthoff signed the trust agreement on June 8, 1946, at Lucerne, Switzerland; the date was inserted in her handwriting.  But it was not until June 17, 1946, that the agreement was delivered to the trustee and its execution completed.

The rule is stated in Restatement, 1 Trusts, p. 113, sec. 35, comment *a,* as follows:

"If the owner of property intends to make a transfer of the property in trust but the title to the property does not

pass to the intended trustee because the transfer is incomplete for want of delivery of the subject matter or for want of delivery of a deed of conveyance, no trust is created and the title to the property remains in the owner free of trust (see sec. 32, comment *a*). Delivery to a third person, however, is effective to pass the title to the intended trustee, even though the trustee has no knowledge of the transfer; and if such delivery is made a trust is created. Such delivery is effective whether or not the third person is the agent of the transferee. If, however, the third person is an agent of the transferor and in receiving delivery acts only as his agent, no trust is created since the property is still within the dominion of the donor."

Between June 8th and June 17th the trust agreement was in the hands of the donor's attorney, her agent, and the property was in the hands of Herbert Wuesthoff, also her agent. She could have revoked the gift at any time during that period, no delivery having been made to the trustee.

"In order to constitute an effectual delivery the donor must not only have parted with the possession of the property, but he must also have relinquished to the donee all present and future dominion and control over it, beyond any power on his part to recall." 38 C. J. S., Gifts, p. 799, sec. 20.

Here there was no effective transfer of the gift until the trust agreement and the property were delivered by the donor's agents to the First National Bank of Chicago. The acceptance by the bank was signed on June 17, 1946. Prior to that date Eugenie Wuesthoff had not relinquished dominion and control over it.

The trust agreement states:

"This agreement, made this 8th day of June, 1946, . . .
"That the settlor, *in consideration of the acceptance of this agreement by the trustee,* has given, and delivered, and by these presents does irrevocably give and deliver to the trustee and its successors in trust those certain securities listed in Schedule A hereunto annexed, to have and to hold the same, . . .

"In witness whereof, the settlor has hereunto set her hand and seal at Lucerne, Switzerland, the day and year first above written, and the trustee has accepted the same at Chicago, Illinois, U.S.A., on the 8th day of June, 1946.

"/s/ Eugenie Wuesthoff (Seal)
"Settlor

"The First National Bank of Chicago
"By /s/ F. N. Williams
"Vice-president
"Trustee

"Accepted at Chicago, Illinois,
this 17th day of June, 1946.
"/s/ Louis Quarles
"/s/ Herbert Wuesthoff
"Supervisors of trust"

Appellant argues that the instrument shows conclusively that it was signed by both the donor in Switzerland and the trustee in Chicago on June 8, 1946. It is suggested that there must have been two originals of the agreement and that the donor and the trustee each executed one on the same day by prearrangement. We do not believe this is a fair inference. There is nothing in the record to show that the trustee knew about the matter on June 8th. The testimony of Herbert Wuesthoff was that the instrument was returned to Mr. Quarles by Eugenie Wuesthoff after she signed it and that thereafter Mr. Quarles made an appointment with the trustee for delivery of the property on June 17th.

It is also significant that the securities transferred to the trustee were not all those listed in the typewritten "Schedule A" which was part of the trust agreement. It appears that the deletion of two items by pen, initialed "HW," was made at the time Herbert Wuesthoff signed the trust instrument on June 17th. We may assume that in making such changes he was acting as the donor's agent.

Sec. 72.75 (1) (b), Stats. 1945, provides that a tax shall be imposed upon the transfer of property, in trust or otherwise,

"When the transfer is by gift of property within the state or within its jurisdiction and the donor was a nonresident of the state at the date of such gift."

Counsel for the Department of Taxation contends that the cash and securities had a tax situs in Wisconsin at the time the gift was made, because for many years prior thereto they had been located in Milwaukee and administered there by the donor's agent.

Appellant cites *Van Dyke v. Tax Comm.* (1940), 235 Wis. 128, 292 N. W. 313, where the donor, a resident of Wisconsin, went to Chicago and there converted United States bonds into silver dollars, executed a trust agreement with an officer of the First Wisconsin Trust Company of Milwaukee, and delivered the silver dollars to the trustees. The court held that the situs of the silver dollars for taxation purposes was referable to the donor's domicile, which was Wisconsin, and that the transfer took place while they were merely temporarily out of Wisconsin. That case is distinguished from this because the decision there was based upon the fact that the donor was a Wisconsin resident and the property had the situs of his domicile. Likewise, in *Pearson v. McGraw* (1939), 308 U. S. 313, 60 Sup. Ct. 211, 84 L. Ed. 293, cited by appellant, it was held that the tax situs of the intangibles followed the residence of the Oregon decedent even though they had always been in the possession and under the administration of the decedent's agent in Illinois. These cases are not applicable. It is conceded that both the donor and donee in this case were nonresidents of Wisconsin at the time of the gift.

It was conceded by the trial court that a nonresident may locate intangible property in Wisconsin and give it a situs here for purposes of gift taxation, but it held that there must

be a transfer by gift completed within the state in order to subject such transfer to taxation in Wisconsin. When the property was taken to Chicago on June 17th, it was removed from Wisconsin and from its jurisdiction.

The learned trial court was correct in concluding that the gift was not complete until June 17, 1946, and that when the transfer was made the property was not within Wisconsin or under its jurisdiction to tax.

*By the Court.*—Judgment affirmed.